IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| C&S ROOFING AND FENCING, LLC d/b/a C&S CONSTRUCTION, | ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. CIV-15-527-M |
| STATE FARM AND CASUALTY COMPANY, | ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support, filed May 27, 2015. On June 17, 2015, defendant responded, and on June 24, 2015, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

On April 22, 2015, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma. Plaintiff alleges the following causes of action against defendant: (1) promissory estoppel; (2) false representation; (3) bad faith; and (4) violations of the Oklahoma Unfair Claims Settlement Practice Act. These causes of action arise from defendant's allege failure to remit $45,208.43 for work plaintiff did on a property covered by a homeowners insurance policy issued by defendant. On May 15, 2015, defendant removed this action to this Court. Subsequently, plaintiff filed this motion to remand alleging the Court lacks subject matter jurisdiction as the amount in controversy does not exceed $75,000.

II.  Discussion

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different States." 28 U.S.C. § 1332(a)(1). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)). Further,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that . . . removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2)(B). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 135 S. Ct. at 554. "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[ke] it *possible* that $75,000 [is] in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

Plaintiff contends that defendant has failed to provide any evidence that the amount in controversy exceeds $75,000 in this dispute. Specifically, plaintiff asserts that the amount disputed is $45,208.43 and, further, that while plaintiff alleges punitive damages in addition to its actual damages, defendant has failed to show by a preponderance of the evidence that the jurisdictional requirement has been met. Defendant contends that plaintiff's Complaint seeks more than $75,000, specifically because it seeks punitive damages in addition to actual damages in an amount in excess of $10,000 on each cause of action and, further, that plaintiff's Complaint fails to adequately plead its damages, pursuant to Okla. Stat. tit. 12, § 2008(A)(2).[1]

---

[1] Oklahoma Statue title 12, § 2008(A)(2) requires pleadings demanding relief less than the jurisdictional amount required by 28 U.S.C. 1332(a) to specify the amount of damages sought. *See* Okla. Stat. tit. 12, § 2008(A)(2). In its Complaint, while plaintiff alleges that on

2

Having carefully reviewed the parties' submissions, the Court finds by a preponderance of the evidence that defendant has pled sufficient jurisdictional facts to show it is possible for plaintiff's claims to exceed the jurisdictional amount of $75,000. Specifically, the Court finds that in plaintiff's Complaint, plaintiff alleges that it filed this action after defendant refused to pay the remaining balance of $45,208.43 on an insurance policy claim. However, under plaintiff's demand for relief, in its Complaint, plaintiff alleges that as to the causes of action pled, plaintiff is entitled to damages in an amount in excess of $10,000 together with punitive or exemplary damages. Since it is permissible to consider punitive damages when determining the jurisdictional amount,[2] and, further, since plaintiff has pled claims for both false representation and bad faith, which, the punitive award recovery amount for these claims could be significantly over the jurisdictional amount[3], the Court finds that on the face of plaintiff's Complaint alone,

---

March 20, 2015, it made a demand on defendant for payment of $45,208.43 prior to bringing this lawsuit, plaintiff pleads under its causes of action and demand for relief that it is has been damaged in an amount in excess of $10,000, on each claim. *See* Mot. to Remand Ex. 1, Petition at ¶¶ 24, 23, 42, 49, & 59(a)(b)(c)(d). Defendant contends that plaintiff's pleading of its damages is deficient because it fails to adhere to the statutory requirement that any damage amount pled under $75,000 must be specifically pled.

[2] *See Burrell v. Burrell*, 229 F.3d 1162, 2000 WL 11113702, at *2 (10th Cir. 2000) (unpublished opinion) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount") (citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943)).

[3]  Where the jury finds by clear and convincing evidence that . . .
An insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured;
the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award punitive damages in an amount not to exceed the greatest of:
a. Five Hundred Thousand Dollars ($500,000.00),
b. twice the amount of actual damages awarded, or

the demand for relief is sufficient evidence to show that plaintiff's damages could exceed the jurisdictional amount of $75,000. Therefore, removal of this action was not improper, and the Court has subject matter jurisdiction over this action.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand and Brief in Support [docket no. 11].

**IT IS SO ORDERED this 12th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

c. the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities.

Okla. Stat. tit. 23, § 9.1(C)(2).