# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| C&S ROOFING AND FENCING, LLC <br> d/b/a C&S CONSTRUCTION, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-15-527-M <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support, filed May 20, 2015. On June 10, 2015, plaintiff responded. Based on the parties' submissions, the Court makes its determination.

I.  Background

On April 22, 2015, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma. On May 15, 2015, State Farm removed this action to this Court. In its Complaint,[1] plaintiff alleges that it was contacted by property owners to repair damage to their property after the property was damaged on or about May 20, 2013, by a tornado. Plaintiff alleges that it initially contacted State Farm to confirm the availability of funds under the property owners' insurance policy, issued by State Farm. Plaintiff further alleges that State Farm represented to plaintiff that there was $165,208.43 of policy funds available to repair the property damage. Plaintiff repaired the damage and removed the debris from the property and

---

[1] Plaintiff originally filed a Petition [docket no. 1-1] in the District Court of Oklahoma County, State of Oklahoma. For purposes of this Order, the Court will refer to plaintiff's Petition as Complaint.

alleges it sent all invoices and expenses incurred, which totaled $185,185.71, to State Farm. Plaintiff further alleges that State Farm has only paid approximately $120,000 of the policy funds for plaintiff's services in repairing the property damage and removing the debris. On March 13, 2015, plaintiff alleges it sent a demand letter to State Farm demanding the release of the remaining $45,208.43 of the policy funds available, and on March 20, 2015, plaintiff further alleges that State Farm informed plaintiff that all monies had been paid under the policy.

Plaintiff alleges the following causes of action against State Farm: (1) promissory estoppel; (2) false representation; (3) bad faith; and (4) violation of the Oklahoma Unfair Claims Settlement Practice Act. State Farm now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.[2]

## II. Standard of Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

---

[2] State Farm asserts, and plaintiff concedes, that the Oklahoma Unfair Claims Settlement Practices Act does not give plaintiff a private right of action under the statute; therefore, the Court dismisses plaintiff's claim for violation of the Oklahoma Unfair Claims Settlement Practices Act.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

    A.   Promissory Estoppel

In order to allege a claim for promissory estoppel, plaintiff must allege:

1. a clear and unambiguous promise;
2. foreseeability by the promisor that the promisee would rely upon it;
3. reasonable reliance upon the promise to the promisee's detriment;
4. hardship or unfairness can be avoided only by the promise's enforcement.

*Barber v. Barber*, 77 P.3d 576, 579 (Okla. 2003). State Farm contends that plaintiff failed to allege any promise made by State Farm that plaintiff would be paid the funds available under the property owners' insurance policy. Plaintiff asserts that it has alleged sufficient facts to make a plausible claim for promissory estoppel against State Farm.

3

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient facts to make a plausible claim for promissory estoppel against State Farm. Specifically, plaintiff alleges that:

> 20. Defendant State Farm, . . . made definite and unambiguous promises to C&S, including but not limited to, the amount of funds available under the Policy to repair the Property.
>
> 21. It was reasonable and foreseeable for C&S to rely upon the promises of Defendant State Farm [sic] its agents, managers and employees due to the fact that Defendant State Farm was in the best position to understand the available limits under the Policy.
>
> 22. C&S reasonably relied on the promises of Defendant State Farm [sic] its agents, managers and employees to its detriment.
>
> 23. The hardship and unfairness that C&S suffered can only be avoided by enforcement of Defendant State Farm's promises.

Compl. [docket no. 1-1] ¶¶ 20-23. Further, plaintiff alleges that prior to agreeing to repair the property, it contacted State Farm regarding the availability of funds under the property owners' policy to repair the property and was told by State Farm that $165,208.43 of policy funds were available to repair the property and remove the debris. *See id*. ¶ 9-10. The Court finds that these alleged facts allow the Court to draw the reasonable inference that State Farm made certain promises to plaintiff regarding the policy funds available and, in turn, plaintiff reasonably relied on State Farm's promise to its detriment. Accordingly, the Court finds that plaintiff's promissory estoppel claim should not be dismissed.

B.  False Representation

Federal Rule of Civil Procedure 9(b) provides, in pertinent part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what,

when, where, and how' of the alleged fraud . . . and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotations and citations omitted). Further,

> Rule 9(b) does not . . . require the pleading of detailed evidentiary matter, nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means . . . that individual plaintiffs should identify particular defendants with whom they dealt directly . . . ; that individual plaintiffs should designate the occasions on which affirmative statements were allegedly made to them - and by whom; and that individual plaintiffs should designate what affirmative misstatements or half-truths were directed to them – and how.

*Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). In Oklahoma, "[t]he elements of fraud are: 1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his/her own detriment." *Rogers v. Meiser*, 68 P.3d 967, 977 (Okla. 2003) (citing *Gay v. Akin,* 766 P.2d 985, 989 (Okla. 1988)).

State Farm contends that plaintiff has failed to state with particularity the circumstances surrounding its fraud claim. Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient facts to meet the heighted pleading standard required by Rule 9(b). Plaintiff alleges that it contacted State Farm after the property owners' property was damaged by a tornado on May 20, 2013, to find out if there were funds under the policy issued by State Farm to the property owners to repair the property. Further,

5

plaintiff alleges that State Farm represented to plaintiff that $165,208.43 of policy funds were available to repair the property and remove debris, and based on those representations, plaintiff commenced repairing the property and sent State Farm all invoices and expenses incurred. Plaintiff alleges that State Farm only paid approximately $120,000 of the policy funds, leaving plaintiff with a deficit of $45,208.43, an amount State Farm represented it would pay.

Plaintiff specifically alleges that:

> 28. Defendant State Farm, . . . made material representations to C&S, including but not limited to, the amount of funds available under the Policy to repair the Property.
>
> 29. Defendant State Farm, . . . knew that the material representations made were false, or made the material representations as a positive assertion recklessly, without any knowledge of the truth of the material statements.
>
> 30. Defendant State Farm, . . . made the material statements with the intention that the statements would be acted upon by C&S
>
> 31. C&S acted in reliance on the material misrepresentations made by State Farm, . . . by agreeing to repair the Property and incurring expenses in the repair of the Property.
>
> 32. As a result of C&S's reliance on the material statements made by Defendant State Farm, C&S suffered injury incurring expenses that would not have been incurred but for the fact that State Farm indicated that Policy funds were available.

Compl. at ¶¶ 28-32. Based on plaintiff's allegations in its Complaint, the Court finds that plaintiff has sufficiently pled the circumstances surrounding its fraud claim against State Farm. Accordingly, the Court finds that plaintiff's false representation claim should not be dismissed.

C. Bad Faith

"[T]the insurer's duty to deal fairly and act in good faith is limited. It does not extend to every party entitled to payment from insurance proceeds. There must be either a contractual or statutory relationship between the insurer and the party asserting the bad faith claim before the

duty arises." *Rednour v. JC & P P'ship*, 996 P.2d 487, 488 (Oka. Civ. App. 1999) (citing *Roach v. Atlas Life Ins. Co.*, 769 P.2d 158, 161 (Okla. 1989)). State Farm contends that plaintiff is a third party to the insurance contract between the property owners and State Farm and, therefore, has no standing to bring a bad faith claim against State Farm. Plaintiff contends that while it may not have contractual standing to bring a bad faith claim against State Farm, the Oklahoma Unfair Claims Settlement Practices Act requires insurance companies to act "in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." Okla. Stat. tit. 36, § 1250.5(4).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not sufficiently set forth facts to make a plausible bad faith claim against State Farm. Plaintiff contends that under the Oklahoma Unfair Claims Settlement Practices Act it can bring a bad faith claim against State Farm; however, plaintiff cites to no authority in Oklahoma that would allow plaintiff to do so, and, further, as previously stated, the Oklahoma Unfair Claims Settlement Practices Act provides no private right of action for violating the statute. The Court finds that State Farm did not have a statutory duty to act in good faith and fair dealing with plaintiff, and, therefore, plaintiff's bad faith claim should be dismissed.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART State Farm's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Brief in Support [docket no. 7] as follows: (1) the Court GRANTS State Farm's motion to dismiss as to plaintiff's claims of bad faith and violation of the Oklahoma

7

Unfair Claims Settlement Practices Act; and (2) DENIES State Farm's motion to dismiss as to plaintiff's claims of promissory estoppel and false representation.

**IT IS SO ORDERED this 13th day of August, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE